# EXHIBIT ONE

**VIRGINIA**
IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

JUAN CARLOS MENDEZ
6451 Lee highway, # 308
Fairfax, VA 22031

        Plaintiff,

v.

Case No.: **2018 15786**

AKIEM FOGG
5107 Goodnow Road, #F
Baltimore, MD 21206

AND

FLEET TRANSIT, INC

Serve Registered Agent:
Clifford Lee Hardwick
201 North Charles St., Suite 1501
Baltimore, MD 212014

        Defendant's.

## COMPLAINT

COMES NOW the Plaintiff, Juan Carlos Mendez, by and through counsel, Kara Kristie Bennis and Wingfield, Ginsburg & Lipp P.C. and moves this Honorable Court for Judgment against the Defendant's Akiem Fogg and Fleet Transit, Inc., on the grounds and in the amounts set forth below:

## FACTS

1. On or about February 08, 2017, at approximately 08:59 p.m., Plaintiff Juan Carlos Mendez (hereinafter, "Plaintiff"), was operating a vehicle at or near I-495 SB, in Fairfax, Virginia.

2. At said time and place, a vehicle operated by Defendant Akiem Fogg (*hereinafter*, "Defendant Fogg") was also traveling at or near I-495 SB, in Fairfax, Virginia.

3. At said time and place, Defendant Akiem Fogg was operating a vehicle owned by Defendant Fleet Transit, Inc. (*hereinafter*, "Defendant Fleet Transit") with their permission and acting as their agent/servant/employee, when he struck the Plaintiff's vehicle at or near the I-495 SB, in Fairfax, Virginia.

### COUNT I- JUAN CARLOS MENDEZ v. AKIEM FOGG

4. Plaintiff Juan Carlos Mendez incorporates by reference here all facts and material allegations set forth above and further states.

5. At said time and place, it was the duty of Defendant Fogg to operate his motor vehicle in a manner free from negligence and with due regard for the safety of other persons on the roadway, including the Plaintiff Mendez.

6. Notwithstanding these duties, Defendant Fogg, negligently and carelessly operated his motor vehicle, so as to cause a collision with the Plaintiff Mendez.

7. Defendant Fogg was negligent in the operation of the vehicle by failing to pay full time and attention to the operation of the vehicle, failing to look to avoid the collision, failing to obey all posted road signs and signals, failing to exercise reasonable care in the operation of a vehicle, failing to avoid a collision, and otherwise by operating the vehicle in a negligent and careless manner in violation with the traffic rules and regulations then and there in effect.

8. As a result of the Defendant Fogg's negligence, Plaintiff Mendez sustained serious and permanent bodily injuries, sustained property damage, incurred and continues to incur expenses for medical care and treatment, lost and continues to lose time and money from

his employment, sustained and continues to sustain pain, suffering and discomfort, and was otherwise injured and damaged.

### COUNT II- JUAN CARLOS MENDEZ v. FLEET TRANSIT, INC.

9. Plaintiff Juan Carlos Mendez incorporates by reference here all facts and material allegations set forth above and further states.

10. At said time and place, it was the duty of the Defendant Fleet Transit, Inc., by and through their agent/ employee/ Servant Defendant Fogg to operate his motor vehicle in a manner free from negligence and with due regard for the safety of other persons on the roadway, including the Plaintiff Mendez.

11. Notwithstanding these duties, Defendant Fleet Transit, negligently and carelessly operated his motor vehicle, so as to cause a collision with Plaintiff Mendez.

12. Defendant Fleet Transit was negligent in the operation of the vehicle by failing to pay full time and attention to the operation of the vehicle, failing to look to avoid the collision, failing to obey all posted road signs and signals, failing to exercise reasonable care in the operation of a vehicle, failing to avoid a collision, and otherwise by operating the vehicle in a negligent and careless manner in violation with the traffic rules and regulations then and there in effect.

13. As a result of the Defendant Fleet Transit's negligence, Plaintiff Mendez sustained serious and permanent bodily injuries, sustained property damage, incurred and continues to incur expenses for medical care and treatment, lost and continues to lose time and money from his employment, sustained and continues to sustain pain, suffering and discomfort, and was otherwise injured and damaged.

**WHEREFORE**, Plaintiff Juan Carlos Mendez demands judgment against the Defendant's, Akiem Fogg and Fleet Transit, Inc., jointly and severally, in the sum of not less than FIVE MILLION DOLLARS ($5,000,000.00) plus interest and costs.

        Juan Carlos Mendez
        By Counsel

Respectfully submitted,

_____
Kara Kristie Bennis, VSB #65266
Wingfield, Ginsburg & Lipp P.C.
700 Fifth Street, N.W., Suite 300
Washington, D.C. 20001
Phone: (202) 789-8000
Fax: (877) 471-2019
e-mail: kbennis@dmvinjurylaw.com



Fairfax County Circuit Court

SEARCHES CASES LOG(

PUBLIC : ◄ Mendez, Juan Carlos · Case History · CL-2018-0015786 · ROA Summary · ROA Listing

ROA LISTING › CL-2018-0015786 Juan Carlos Mendez vs. Akiem Fogg et al. CASE STATUS › Pending - Nov 5, 20

REPORT OPTIONS

SHOW CLERK ID'S ›
SHOW ROA CODES ›
SHOW JUDGES ›
SHOW SINGLE ENTRY FOR SAME ROA CODES ON SAME DAY ›
WITH DOCUMENT ›
SORT LISTING ORDER › Newest First Oldest First

ROAS

ROA DATE › 02/21/2019 JUDGE › No Judge CLERK ›

| | | |
|---|---|---|
| ✔ | EMAIL NOTIFICATION | Email notification sent to attorney Markels with scheduling conference notice attached |

ROA DATE › 02/19/2019 JUDGE › Defendant CLERK ›

| | | |
|---|---|---|
| ✔ | DEMURRER | Demurrer of Fleet Transit, Inc |
| ✔ | ANSWER | Answer of Shaugh-Tai Fogg |
| ✔ | ATTY RETAINED | Appearance filed by Attorney James N. Markels, Jackson & Campbell, P.C. for Akiem Fogg. |

ROA DATE › 01/28/2019 JUDGE › Penney S. Azcarate CLERK ›

| | | |
|---|---|---|
| ✔ | ORD | Order entered - Agreed Order-ORDERED that Shaugh-Tai Fogg be, and hereby is, substituted as party Defendant for Akiem Fogg ORDERED that the time in which Shaugh-Tai Fogg and Fleet Transit, Inc respond to the Complaint be, and hereby is extended 21 days from entry of this Order |

ROA DATE › 01/07/2019 JUDGE › No Judge CLERK ›

| | | |
|---|---|---|
| ✔ | RETURNED | Returned notice of scheduling conference mailed to Akiem Fogg. Return to Sender - Not Deliverable as Addressed. Unable to Forward |

ROA DATE › 12/20/2018 JUDGE › No Judge CLERK ›

| | | |
|---|---|---|
| ✔ | HEAR | Hearing Scheduled (Scheduling Conference 02/28/2019 8:30 AM No Judge 1st Scheduling Conference) 0.0 MINUTES |

ROA DATE › 12/17/2018 JUDGE › No Judge CLERK ›

| | | |
|---|---|---|
| ✔ | SERV | Complaint Issued for Service to Fleet Transit Inc on 11/06/2018; Assigned to SECRETARY OF COMMONWEALTH, Service Fee of , 201 North Charles St Suite 1501, Baltimore, MD 21204 SERVED ON -12/17/2018 - In Person |
| ✔ | SERV | Complaint Issued for Service to Akiem Fogg on 11/06/2018; Assigned to SECRETARY OF COMMONWEALTH, Service Fee of , 5107 Goodnow Road #F, Baltimore, MD 21206 SERVED ON -12/17/2018 - In Person |

ROA DATE › 11/06/2018 JUDGE › No Judge CLERK ›

| | | |
|---|---|---|
| ✔ | ISSUED | Complaint Issued for Service to Fleet Transit Inc on 11/06/2018; Assigned to SECRETARY OF COMMONWEALTH, Serve 201 North Charles St Suite 1501, Serve Registered Agent: Clifford Lee Hardwick, Baltimore, MD 21204 |
| ✔ | ISSUED | Complaint Issued for Service to Akiem Fogg on 11/06/2018; Assigned to SECRETARY OF COMMONWEALTH, Serve 5107 Goodnow Road #F, , Baltimore, MD 21206 |

ROA DATE › 11/05/2018 JUDGE › No Judge CLERK ›

| | | |
|---|---|---|
| ✔ | A NEW CASE FILED | Complaint ($500,000.01 & above) (C) filed by Wingfield, Ginsburg & Lipp P.C., Receipt Amount: $346.00 Receipt #: 809895 |
| | | ACTION TYPE › Complaint ($500,000.01 & above) (C) |
| ✔ | ATTY RETAINED | Appearance filed by Attorney Kara Kristie Bennis, J E Wingfield & Associates for Juan Carlos Mendez. |

REFRESH CANCEL

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX

| | |
|---|---|
| JUAN CARLOS MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CL2018-15786 |
| ) | |
| SHAUGH-TAI FOGG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF SHAUGH-TAI FOGG

COMES NOW Defendant Shaugh-Tai Fogg ("Fogg"), by undersigned counsel, and hereby submits this Answer to the Complaint filed by the Plaintiff, Juan Carlos Mendez.

### FACTS

1. Fogg admits the allegations of Paragraph 1 of the Complaint.

2. Fogg admits the allegations of Paragraph 2 of the Complaint.

3. Fogg admits that he was an employee of Defendant Fleet Transit, Inc. on February 8, 2017. The remaining allegations of Paragraph 3 of the Complaint are denied.

### COUNT I – JUAN CARLOS MENDEZ v. SHAUGH-TAI FOGG

4. Fogg hereby incorporates by reference all responses to Paragraphs 1-3 of the Complaint.

5. The allegations of Paragraph 5 of the Complaint state a legal conclusion to which no response is required.

6. Fogg denies the allegations of Paragraph 6 of the Complaint.

7. Fogg denies the allegations of Paragraph 7 of the Complaint.

8. Fogg denies the allegations of Paragraph 8 of the Complaint.

### COUNT II – JUAN CARLOS MENDEZ v. FLEET TRANSIT, INC.

9. Fogg hereby incorporates by reference all responses to Paragraphs 1-8 of the Complaint.

10. The allegations of Paragraph 10 of the Complaint are not directed against Fogg, and therefore Fogg has no obligation to respond. To the extent a response is necessary, Fogg denies those allegations.

11. The allegations of Paragraph 11 of the Complaint are not directed against Fogg, and therefore Fogg has no obligation to respond. To the extent a response is necessary, Fogg denies those allegations.

12. The allegations of Paragraph 12 of the Complaint are not directed against Fogg, and therefore Fogg has no obligation to respond. To the extent a response is necessary, Fogg denies those allegations.

13. The allegations of Paragraph 13 of the Complaint are not directed against Fogg, and therefore Fogg has no obligation to respond. To the extent a response is necessary, Fogg denies those allegations.

14. Fogg hereby denies any allegations of the Complaint not specifically admitted to herein.

### AFFIRMATIVE DEFENSES

A. Plaintiff has failed to state a claim upon which relief may be granted.

B. Plaintiff is precluded from recovery based on his own contributory negligence.

C. Plaintiff has failed to mitigate his damages.

D. Plaintiff was not injured, or injured to the extent claimed.

E. Fogg is not liable to Plaintiff because of the intervening acts or omissions of other parties.

F.  Fogg is not liable to Plaintiff because Fogg's actions were not the proximate cause of Plaintiff's alleged injuries.

G.  Fogg will raise such other defenses as may become evident through trial.

WHEREFORE, Defendant Shaugh-Tai Fogg respectfully requests that judgment be entered in favor of Defendant Shaugh-Tai Fogg as against Plaintiff Juan Carlos Mendez, and that the Complaint be dismissed with prejudice, along with any other relief this Court deems just and necessary.

> Respectfully submitted,
>
> SHAUGH-TAI FOGG,
> By counsel:

JACKSON & CAMPBELL, P.C.

_____
James N. Markels
jmarkels@jackscamp.com
1120 20th Street, N.W.
South Tower, Third Floor
Washington, D.C. 20036-3437
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
*Counsel for Defendant Shaugh-Tai Fogg*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2019, a true and accurate copy of the foregoing was served via first class mail and email on:

Kara Kristie Bennis, Esquire
WINGFIELD, GINSBURG & LIPP, P.C.
700 Fifth Street, N.W., Suite 300
Washington, D.C. 20001
*Counsel for Plaintiff*

_____
James N. Markels

3

4206835v.1

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX**

| | |
|---|---|
| JUAN CARLOS MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CL2018-15786 |
| ) | |
| SHAUGH-TAI FOGG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEMURRER OF FLEET TRANSIT, INC.

COME NOW Defendant Fleet Transit, Inc. ("Fleet Transit"), by counsel, pursuant to Rule 3:8 of the Rules of the Supreme Court of Virginia, and hereby submits this Demurrer to the Complaint filed by Plaintiff Juan Carlos Mendez, and in support thereto respectfully invites this Court's attention to the attached Memorandum of Points and Authorities.

Respectfully submitted,

FLEET TRANSIT, INC.,
By counsel:

JACKSON & CAMPBELL, P.C.

_____
James N. Markels (VSB #68399)
jmarkels@jackscamp.com
1120 20th Street, N.W.
South Tower, Third Floor
Washington, D.C. 20036-3437
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
*Counsel for Defendant Fleet Transit, Inc.*

4206881v.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2019, a true and accurate copy of the foregoing, with a Memorandum of Points and Authorities and a proposed form of Order, was served via first class mail and email on:

Kara Kristie Bennis, Esquire
WINGFIELD, GINSBURG & LIPP, P.C.
700 Fifth Street, N.W., Suite 300
Washington, D.C. 20001
*Counsel for Plaintiff*

James N. Markels

2

4206881v.1

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX

| | |
|---|---|
| JUAN CARLOS MENDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHAUGH-TAI FOGG, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. CL2018-15786 |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEMURRER OF FLEET TRANSIT, INC.

COMES NOW Defendant Fleet Transit, Inc. ("Fleet Transit"), by undersigned counsel, pursuant to Rule 3:8 of the Rules of the Supreme Court of Virginia, and hereby submits this Demurrer to the Complaint filed by Plaintiff Juan Carlos Mendez, and respectfully request that its Demurrer be sustained Count II of the Complaint be dismissed with prejudice as against this defendant.

### Standard of Review

It is well-established that a demurrer determines whether the plaintiff has properly pled facts to state a cause of action. *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Bd. of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). As a result, this Court should treat all properly pled facts as true for the purpose of resolving the demurrer. *Id.* "A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102, 540 S.E.2d 134, 137 (2001).

4206881v.1

**Facts as Alleged by the Plaintiff**

The Plaintiff alleges that on February 8, 2019, he and Defendant Shaugh-Tai Fogg ("Fogg") were both driving south-bound on I-495 in Fairfax, Virginia. Complaint, ¶¶1-2. Fogg is alleged to be Fleet Transit's employee as of that date. *Id.* at ¶3. Plaintiff alleges that Fogg negligently struck Plaintiff's vehicle while driving a vehicle owned by Fleet Transit. *Id.* at ¶¶3, 6-7. As a result of the impact, Plaintiff alleges that he suffered injuries. *Id.* at ¶8.

In the alternative, in Count II of the Complaint, Plaintiff alleges that Fleet Transit "negligently and carelessly operated his motor vehicle, so as to cause a collision with Plaintiff Mendez." *Id.* at ¶11. Plaintiff further alleges that Fleet Transit "was negligent in the operation of the vehicle by failing to pay full time and attention to the operation of the vehicle, failing to look to avoid the collision, failing to obey all posted road signs and signals, failing to exercise reasonable care in the operation of a vehicle, failing to avoid a collision, and otherwise by operating the vehicle in a negligent and careless manner in violation with the traffic rules and regulations then and there in effect." *Id.* at ¶12. Plaintiff then alleges that because of Fleet Transit's negligence, Plaintiff suffered injuries. *Id.* at ¶13.

**ARGUMENT**

The allegations in Count II of the Complaint against Fleet Transit are identical to those against Defendant Fogg, as though Fleet Transit were an alternative driver just like Defendant Fogg. That count should be dismissed because Fleet Transit, an incorporated entity, could not possibly have been driving the vehicle as alleged by the Plaintiff. "[C]orporations are merely associations of individuals united for a special purpose . . ." *Pembina Consolidated Silver Mining & Milling Co. v. Pennsylvania*, 125 U.S. 181, 189 (1888); *and see Dupont v. Winchester Medical*

*Center, Inc.*, 34 Va. Cir. 105 (Winchester Cir. Ct.) ("A corporation by its very nature only acts through its employees and agents . . .").

The allegations of Count II also do not constitute a claim under respondeat superior. "By definition, respondeat superior is wholly vicarious in nature, . . . and '[v]icarious liability is liability for the tort of another person[.]'" *Parker v. Carilion Clinic*, 296 Va. 319, 332, n.3, 819 S.E.2d 809, 817 (2018) (citations omitted). Plaintiff's claim that Fleet Transit itself was negligent in the operation of the vehicle is not a claim for vicarious liability. Even if Count II could plausibly be read as a claim for respondeat superior, which it cannot on its own terms since it specifically alleges that Fleet Transit was the one operating the vehicle, the demurrer must still be sustained. "To plead respondeat superior liability, a plaintiff must allege that the injury caused by the act of an employee . . . occurred within the scope of the employment relationship." *Butler v. Southern States Co-op, Inc.*, 270 Va. 459, 466, 620 S.E.2d 768, 773 (2005). There is no such allegation in the Complaint.

## CONCLUSION

For the above reasons, Defendant Fleet Transit, Inc. respectfully requests that this Demurrer be sustained, and that Count II be dismissed with prejudice, along with any other relief this Court deems just and necessary.

Respectfully submitted,

FLEET TRANSIT, INC.,
By counsel:

3

4206881v.1

JACKSON & CAMPBELL, P.C.

_____
James N. Markels (VSB #68399)
jmarkels@jackscamp.com
1120 20th Street, N.W.
South Tower, Third Floor
Washington, D.C. 20036-3437
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
*Counsel for Defendant Fleet Transit, Inc.*

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX**

| | |
|---|---|
| JUAN CARLOS MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CL2018-15786 |
| ) | |
| SHAUGH-TAI FOGG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

**UPON CONSIDERATION** of the Demurrer to the Complaint filed by Defendant Fleet Transit, Inc., and any opposition thereto, and

**IT APPEARING** the Demurrer should be sustained, it is hereby

**ORDERED**, that the Demurrer be, and hereby is, **SUSTAINED IN ITS ENTIRETY**; and it is hereby

**ORDERED**, that Count II of Plaintiff's Complaint be, and hereby is, **DISMISSED WITH PREJUDICE.**

By my hand this ___ day of _____, 2019.

_____
Circuit Court Judge

4206881v.1

WE ASK FOR THIS:

_/s/ James N. Markels_

James N. Markels (VSB #68399)
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
South Tower, Third Floor
Washington, D.C. 20036
Phone: (202) 457-1600
Facsimile: (202) 457-1678
Email: jmarkels@jackscamp.com
*Counsel for Defendant Fleet Transit, Inc.*

SEEN AND _____:

_____

Kara Kristie Bennis (VSB #65266)
WINGFIELD, GINSBURG & LIPP, P.C.
700 Fifth Street, N.W., Suite 300
Washington, D.C. 20001
Phone: (202) 789-8000
Facsimile: (877) 471-2019
*Counsel for Plaintiff*